**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **IN RE IP EDGE LLC,**<br><br>Movant. | Misc. Action No. 4:21-mc-2640<br>(Case in other court: Western District of Texas, 6:20-cv-00819-ADA) |

### MOTION TO QUASH SUBPOENAS

Movant IP EDGE LLC ("Movant"), by and through its counsel, hereby respectfully moves the Court to quash the subpoenas for production of documents and deposition issued to it by Roku Inc. in the *Flexiworld v. Roku* litigation pending in the Western District of Texas, 6:20-cv-00819-ADA.  *See* Exhibit A (subpoenas).

Literally every single request for production and deposition topic served on Movant by the Defendant (other than requests related to efforts to comply with the subpoena) is either party discovery (to Plaintiff Flexiworld or Plaintiff's subsidiary, Flexijet), or discovery to an entity that is not Movant, namely "Pebble Tide LLC."  Case law is clear that when a party seeks party discovery from a non-party, without exhausting party discovery first, this is *per se* an undue burden.  Moreover, these requests are not limited in temporal scope. The topics are vague, but for references to the Plaintiff Flexiworld, its subsidiary Flexijet, and another entity "Pebble Tide LLC." The subpoenas issued November 4, 2021, but were served on November 8, 2021, with a November 22, 2021 compliance date, meaning Movant would have only two weeks to attempt to collect documents according to vague and overbroad requests, and concurrently prepare a witness for deposition in that two week period, with the deposition to occur the Monday prior to Thanksgiving 2021.

This case is similar to *In re O'Hare et al.*, 4:11-cm-00539 (S.D. Tex. Apr. 19, 2012)

1

(Rosenthal, J.) where this Court granted a motion to quash, and denied a motion for reconsideration, in a similar situation where a party to litigation served subpoenas to non-parties seeking party discovery, including document requests that clearly requested party discovery, were vague and overbroad, and not limited in time, and also deposition subpoenas with depositions to occur 18 days after issuance. The case at bar is arguably more burdensome as Movant would have to attempt to collect documents and simultaneously prepare a witness for deposition, in a time (14 days) that was shorter than what was struck by this Court in *In re O'Hare et al.*

Movant respectfully submits that the subpoenas issued to it by Roku Inc. are obviously and blatantly an undue burden under Fed. R. Civ. P. 45 and case law (including precedent from this Court), and respectfully must be quashed.

## **FACTUAL BACKGROUND**

On September 8, 2020, Plaintiff Flexiworld Technologies, Inc. ("Flexiworld") filed suit against Defendant Roku Inc. ("Roku") in the Western District of Texas, Waco Division, Case No 6:20-cv-00819, alleging infringement of United States Patents 8,989,064; 10,346,114; and 10,740,066. *See* Exhibit B (*Flexiworld v. Roku* Original Complaint). On December 10, 2020, the Western District of Texas court issued a scheduling order in the case. *See* Exhibit C (Flexiworld v. Roku Scheduling Order). In the order, it states that fact discovery opened on May 17, 2021 and closes on December 9, 2021. *Id.*

To date, while presumably the parties to the litigation have served written discovery, no motions to compel have been filed in the litigation. See Exhibit D (*Flexiworld v. Roku* docket sheet dated as of November 18, 2021). Moreover, on information and belief, Plaintiff's subsidiary, Flexijet, has not been subpoenaed by Defendant for any discovery.

On November 4, 2021—just over one month away prior to the close fact discovery—

Defendant issued two subpoenas for third party discovery to Movant IP EDGE LLC. Exhibit A. One subpoena is a request for production of documents, and the other is for a deposition. *Id.* The subpoenas were served on Movant on November 8, 2021. *See* Exhibit E (Declaration of Papool S. Chaudhari). Both subpoenas call for compliance on November 22, 2021. Exhibit A.   The subpoenas call for compliance in Houston, TX, and, thus this Motion is properly filed in this Court pursuant to Fed. R. Civ. P. 45(d)(3).   *Id.*

The Request for Production are as follows, noting that "Flexijet" is a subsidiary of Plaintiff and "Pebble Tide LLC" is another entity that is not Movant:

1. All Communications with Flexiworld and/or Flexijet related to any patent, patent application, litigation or potential litigation.

2. All Communications and Documents related to any assignment of patents or patents application to or from Flexiworld.

3. All Communications and Documents related to any assignment of patents or patent applications to or from Flexijet.

4. All Communications and Documents related to the formation of Pebble Tide.

5. All Communications and Documents referencing any valuation of any patent or patent application assigned to Flexiworld, Flexijet or Pebble Tide.

6. All Documents related to revenue generation or potential revenue generation related to Pebble Tide, any patent or patent application assigned to Pebble Tide, any Flexiworld patent or patent application, or any FlexjJet patent or patent application.

7. All documents related to the winding down of Pebble Tide.

8. Documents sufficient to show the owners of Pebble Tide and their respective ownership stakes.

9. All Documents related to Your relationship with Pebble Tide.

10. All Documents related to any patent monetization campaign involving patents or patents applications obtained from Flexiworld and/or Flexijet.

11. All Communications with Flexiworld and/or Flexijet regarding any patent monetization campaigns.

12. All Documents related to Roku and any patent or patent application assigned to Flexiworld, Pebble Tide, or Flexijet.

Exhibit A.

The deposition topics are as follows:

1. Your relationships with Flexiworld, Flexijet, and Pebble Tide.

2. Your Communications with Flexiworld, Flexijet, and/or Pebble Tide relate to any patent, patent application, litigation, or potential litigation.

3. Any and all assignments of patents or patent applications to or from Flexiworld, Flexijet and/or Pebble Tide.

4. The formation of Pebble Tide.

5. Any valuation of any patent or patent application assigned to Flexiworld, Flexijet, or Pebble Tide.

6. Actual and/or potential revenue generation related to Pebble Tide or any patent or patent application assigned to Flexiworld, Flexijet or Pebble Tide.

7. The winding down of Pebble Tide.

8. The owners of Pebble Tide and their respective ownership stakes.

9. Any patent monetization campaign involving patents or patent applications obtained from Flexiworld and/or Flexijet.

10. The Documents produced by You in response to the document subpoena served upon You by Roku.

11. Your efforts to comply with this subpoena and the document subpoena served upon You by Roku.

*Id.*

Upon receipt of the subpoenas on November 8, 2021, Movant forwarded them to its counsel, Mr. Chaudhari. Exhibit E at ¶ 5. Mr. Chaudhari then engaged in several communications with Plaintiff's counsel, Tim Grochocinski. *Id.* at ¶ 6. Mr. Grochocinski was in communication with Defendant's Counsel, Patrick McKeever, on a daily basis concerning the litigation and Mr. Grochocinski made attempts in discussions with Mr. McKeever to alleviate the burden of the subpoenas on IP EDGE LLC. *Id.* On November 11, 2021, Mr. Grochocinski communicated to Mr. Chaudhari that there was a tentative deal in place with Mr. McKeever, pending Movant's agreement to the tentative terms regarding a limited document production. *Id.* at ¶ 7. Specifically, Mr. Grochocinski sent the following email to Mr. Chaudhari: "Spoke to Roku's counsel. They agree things will not be going forward on the dates in the subpoena with the understanding materials will be provided." *Id.* On November 15, 2021, Mr. Chaudhari communicated with Mr. McKeever to confirm an agreement. *Id.* at ¶ 8. Later that day, Mr. McKeever replied saying there was no deal or agreement, and that there was no withdrawing or limiting of the subpoenas. *Id.*

Based on this, Movant requested a meet and confer concerning this motion with Defendant, which occurred on November 16, 2021. *Id.* at ¶ 9. Movant and Defendant discussed the subpoenas and Movant explained and offered case law (which was later provided in an email) as to why the subpoenas constitute an undue burden. *Id.* Movant reiterated that it wanted to resolve this without a motion to quash and pleaded with Defendant's counsel to work to resolve this amicably. *Id.*

Defendant's counsel said they would take it back, but the next day (November 17, 2021) responded stating that they would not agree to anything short of full compliance with the subpoenas. *Id.* at ¶ 10. Based on this response, Movant noted that an impasse had been reached, that this Motion would be filed, but nevertheless, if Defendant "want[s] to actually try to resolve the issues concerning these subpoenas to IP EDGE LLC in good faith, please feel free to contact me [Mr. Chaudhari] and propose a "reasonable step(s) to avoid imposing an undue burden or expense on IP EDGE LLC." *Id.* As of the filing of this motion, Defendant's counsel has not attempted to contact Mr. Chaudhari to propose any steps, let alone reasonable steps, to avoid imposing an undue burden or expense on IP EDGE LLC. *Id.* at ¶ 11.

## LEGAL AUTHORITY

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery. It states in relevant part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, **the parties' relative access to relevant information**, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1) (emphasis added). Under Federal Rule of Civil Procedure 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, **or is obtainable from another, more convenient, less burdensome, or less expensive source**; (2) **the party seeking discovery has had ample opportunity to obtain the discovery sought**; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(2)(c) (emphasis added).

Federal Rule of Civil Procedure 45(d)(1) provides that, "[a] party or attorney responsible

for issuing and serving a subpoena **must** take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." (emphasis added) A subpoena must be quashed or modified where, inter alia, the subpoena "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) **subjects a person to undue burden**." FED. R. CIV. P. 45(d)(3)(A) (emphasis added).

"In general, there is a preference for parties to obtain discovery from one another **before** burdening non-parties with discovery requests." *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) (collecting cases) (emphasis added). When the requesting party has "not shown [that it] attempted to obtain documents from the [opposing party] in an action prior to seeking the documents from a non-party, **a subpoena duces tecum places an undue burden on a non-party**." *Id.* (emphasis added) Further, "when an opposing party and a non-party both possess documents, the documents should be sought **from the party to the case**." Soto, 282 F.R.D. at 505 (emphasis added); see also *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (quashing a non-party subpoena duces tecum where the discovery sought was "obtainable from a source more direct, convenient, and less burdensome [than the non-party]— namely, from Defendants.") (citing Fed. R. Civ. P. 26(b)(2)(c)). "There is simply **no reason to burden nonparties when the documents sought are in possession of the party defendant**." *Nidec*, 249 F.R.D. at 577 (emphasis added).

Nonparties subject to production subpoenas moreover "deserve[] extra protection from the courts." *Soto*, 282 F.R.D. at 504 (quoting in part *High Tech Med. Instrumentation v. New Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) (citing in turn *United States v. Columbia Broadcasting Sys.*, 666 F.2d 364, 371-72 (9th Cir. 1982)).

Courts in the Fifth Circuit consider the following factors as to whether a subpoena imposes

an undue burden: (1) relevance of the information requested; (2) need of the party for the documents; (3) breadth of the document request; (4) time period covered by the request; (5) particularity with which the party describes the requested documents; and (6) burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).  If the document request is made to a non-party, the court also may consider the expense and inconvenience to the non-party. *Id.*

## **ARGUMENT**

### I.   **Every Single Request for Production and Deposition Topic seeks either Party Discovery or Discovery from an Entity that is not Movant**

Literally every single request for production and deposition topic served on Movant by the Defendant (other than requests related to efforts to comply with the subpoena) is either party discovery (to Plaintiff Flexiworld or Plaintiff's subsidiary, Flexijet), or discovery to an entity that is not Movant, namely "Pebble Tide LLC."  This is *per se* an undue burden under case law, and, thus, satisfies the sixth factor of the *Wiwa* analysis.

#### a.   **Requests for Production #1, 2, 3, 5, 6, 10, 11, 12 and Deposition Topics #1, 2, 3, 5, 6, 9 blatantly seek Party Discovery**

Requests for Production #1, 2, 3, 5, 6, 10, 11, 12 and Deposition Topics #1, 2, 3, 5, 6, 9 all call for communications, documents, and other information from Plaintiff Flexiworld and its subsidiary Flexijet. The record shows that Defendant has failed to exhaust party discovery to get discovery that Plaintiff and its subsidiary should clearly have.  For instance, no motions to compel have been filed in that case by Defendant. On information and belief, Defendant has requested all of this discovery from the Plaintiff Flexiworld. Assuming, however, that Flexiworld refused to produce any such discovery, one would expect that Defendant would have filed motions to compel to compel this production.  But no such motions are on file.  Nor has Defendant even issued a

subpoena to Plaintiff's subsidiary, Flexijet. At the very least, Defendant would be able to make a showing that Plaintiff Flexiworld represented to Defendant that Plaintiff did not have this discovery, which would then necessitate third party discovery.  On information and belief, Defendant can make no such showing.

*Instead*, Defendant is attempting a blatant "end-run" around party discovery by seeking to burden a non-party, Movant, with requests that should clearly be directed to Plaintiff Flexiworld and its subsidiary Flexijet.  As other courts have explicitly held, it is *per se* an undue burden to request documents from a non-party when it cannot show that it has attempted to obtain documents from the opposing party prior to seeking the documents from a non-party.  *Soto,* 282 F.R.D. 492 at 505. Moreover, the other courts have held that when both an opposing party and a non-party both possess documents, the documents should be sought from the party to the case. *Id.*

Other than for purposes of harassment, it makes no sense that Defendant would not exhaust party discovery, including discovery from a party's subsidiary (Flexijet), <u>before</u> seeking party discovery.

This discovery directed to Plaintiff Flexiworld and its subsidiary Flexijet is also beyond the scope of discovery that Defendant could theoretically obtain from Movant.  Fed. R. Civ. P. 26(b)(1) notes that for the scope of discovery, it is limited by "the parties' relative access to relevant information" and that under Fed. R Civ. P. 26(b)(2)(c), "discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, **or is obtainable from another, more convenient, less burdensome, or less expensive source**." (emphasis added).  In this case, these requests directed to Plaintiff Flexiworld and its subsidiary Flexijet, are obtainable from another, more convenient, less burdensome source—Flexiworld and Flexijet itself, one of which is the Plaintiff in Defendant's case and the other is a subsidiary of the Plaintiff.  There is not one

request in these subpoenas that calls for discovery that only Movant would have. Defendant did not even try to hide their intentions—on its face, the requests are blatantly directed to Plaintiff Flexiworld and its subsidiary, Flexijet, without a showing that party discovery has been exhausted. The Court's subpoena power is not intended for parties to a litigation to circumvent the discovery process within the litigation itself by harassing third parties.

### b. Requests for Production #4, 5, 6, 7, 8, 9, 12 and Deposition Topics #1, 2, 3, 4 5, 6, 7, 8 9 blatantly seek discovery from another entity, "Pebble Tide LLC"

In addition to Defendant's blatant end run around party discovery, Requests for Production #4, 5, 6, 7, 8, 9, 12 and Deposition Topics #1, 2, 3, 4 5, 6, 7, 8 9 blatantly seek discovery from another entity, "Pebble Tide LLC", which is not movant.  This is, again, *per se* an undue burden. If Defendant wants discovery from "Pebble Tide LLC," then Defendant should seek discovery from "Pebble Tide LLC."  Movant is not "Pebble Tide LLC," nor has Pebble Tide LLC ever been an affiliate of Movant.  Moreover, again, on information and belief, Defendant may have requested such discovery from Plaintiff, but the record does not demonstrate that Plaintiff stated it does not have such discovery, nor has Defendant filed any motions to compel. And as mentioned above, Defendant has not subpoenaed Plaintiff's subsidiary, Flexijet.

Accordingly, <u>every single substantive request for production and deposition topic to Movant is directed to Plaintiff Flexiworld, its subsidiary Flexijet, or "Pebble Tide LLC."</u> Defendant must exhaust discovery from all of these sources before seeking discovery from Movant, a third party. The record is clear that Defendant has (1) come nowhere close to exhausting discovery to Plaintiff Flexiworld (including the failure to file any motions to compel) and (2) not even bothered to subpoena Plaintiff's subsidiary, Flexijet. Courts have made it clear that a party cannot seek non-party discovery before exhausting party discovery, and that such attempts constitute an undue burden.  The case at hand is no exception.

## II.        The other *Wiwa* factors

Other than the sixth factor, burden imposed, there are five other factors courts consider regarding undue burden under *Wiwa*, (1) relevance of the information requested; (2) need of the party for the documents; (3) breadth of the document request; (4) time period covered by the request; (5) particularity with which the party describes the requested documents.

As to the relevance of the information requested, Movant is not in the best position to assess the relevance of the requested discovery to Defendant's defenses or other claims in their action. That said, to the extent Defendant makes a sufficient argument as to relevance, given that literally every single request is directed to Plaintiff Flexiworld, its subsidiary Flexijet, or "Pebble Tide LLC," the relevance of such information makes it all the more important that Defendant use the party discovery process to obtain what it needs, and not seek to use any end-runs around party discovery.[1]  This same concern goes for Defendant's need for the documents. If Defendant needs the documents so badly, then they should follow the proper procedure and exhaust party discovery (especially since literally every request is directed to a party, its subsidiary, or "Pebble Tide LLC"). The fact that the parties are soon reaching the end of fact discovery is not the problem of Movant, but rather that is Defendant's problem for not making use of the entire fact discovery period in their case (May 2021 to December 2021). Perhaps they should have been more aggressive in party discovery, serving discovery requests as soon as discovery opened, and promptly filing motions to compel if they did not get what they are entitled to. Movant cannot really speculate here, but the

---

[1] It is sadly all too common for unscrupulous counsel to attempt these end-runs around party discovery because of the ease in which subpoenas can be issued under Fed. R. Civ. P. 45, and the response times are shorter than party discovery. *Compare* Fed. R. Civ. P. 45(d)(2)(B) (as early as 14 days) to Fed. R. Civ. P. 34(b)(2)(A) (30 days).  This is especially the case when fact discovery closes in less than 30 days, and such unscrupulous counsel realizes that it is too late to serve a party discovery request, so they issue a non-party subpoena because they can still obtain that discovery before the fact discovery cutoff.  It appears this may be happening in the case at hand.  The Federal Rules of Civil Procedure were never intended to allow parties to play such games with non-party discovery, and Movant respectfully submits it is incumbent on the Court to respectfully put an end to such nonsense.

ultimate point is, this is Defendant's problem, likely of its own making. This factor leans heavily towards these subpoenas being an undue burden to Movant.

As to breadth of the requests and topics, again, literally every single request is directed to Plaintiff Flexiworld, its subsidiary Flexijet, or "Pebble Tide LLC," so the breadth here is discovery to a party, a party's subsidiary, and an unrelated (to movant) entity, "Pebble Tide LLC." This factor leans heavily towards these subpoenas being an undue burden to Movant, as has already been analyzed above. Additionally, Defendant's definition of Movant is a blatant undue burden because it goes so far beyond "IP EDGE LLC" so as to theoretically include entities and persons who do not own or represent "IP EDGE LLC." *See* Exhibit A.

As to time period, in the requests for production, deposition topics, or their instructions or definitions, no time period is given whatsoever. This too is a *per se* undue burden. This factor leans heavily towards these subpoenas being an undue burden to Movant.

As to the particularity with which the party describes the requested documents, the requests and topics themselves are vague, but for their references to Plaintiff Flexiworld, its subsidiary Flexijet and "Pebble Tide LLC." This factor leans heavily towards these subpoenas being an undue burden to Movant.

As to expense and inconvenience, it is extremely inconvenient and time-consuming for Movant to not only collect responsive documents, but to also filter out and log privileged documents, and furthermore, and most importantly, submit to a deposition where a representative of Movant would need to be adequately prepared to discuss the overly broad topics set forth by Defendant in their subpoenas. All of this, for discovery where literally every single request is directed to Plaintiff Flexiworld, its subsidiary Flexijet, or "Pebble Tide LLC," and Defendant has clearly not exhausted party discovery in their case, when they have had ample time to do so.

Additionally, Movant was served these subpoenas on November 8, 2021 with a compliance date of November 22, 2021, meaning it would have needed to collect all of the broadly requested documents, log all privileged documents, produce the responsive non-privileged documents, *and* prepare a witness for deposition on the broad topics in a mere 14 days. Not to mention that November 22, 2021, is the Monday prior to Thanksgiving 2021. Even trying to collect documents, log privileged documents, produce documents *and* prepare a witness for deposition to take place 14 days after the subpoenas were served on Movant is a massive inconvenience.  Movant's counsel, in the meet and confer on this motion, pleaded with Defendant's counsel to try to work something out and Defendant refused to provide any accommodation or narrowing whatsoever. Exhibit E at ¶¶ 9-10.

Each and every *Wiwa* factor leans heavily towards these subpoenas being an undue burden to Movant, and, thus, the subpoenas are in fact an undue burden to Movant and should, respectfully, be quashed in their entirety.

### III.    This Court has previously quashed a similar subpoena, and there is no reason for the Court to deviate from this prior decision

In *In re: O'Hare, et al.*, this Court dealt with a motion to quash analogous to the case at hand. 4:11-cm-00539, Document 7, (S.D. Tex. Apr. 19, 2012) (Rosenthal, J.) Exhibit F (*In re O'Hare et al.* opinion). In that case, there was an underlying case, *Flannigan v. Vulcan Power Group*, a case pending in the Southern District of New York.  *Id.*  Movants Daniel O'Hare, Jean Frizzell, John Black were not parties to that action. *Id.*   Two defendants in the *Flannigan* case, Ford Graham and Vulcan Power Group, issued subpoenas to the movants on November 25, 2011, requiring document production and deposition in Houston, TX on December 13, 2011. *Id.*  Four document requests were served, and literally each request—just like in the case at hand—sought party discovery, specifically referencing the Plaintiff Flannigan, another party Stadtmauer, and

defendants Ford Graham, Kevin Davis or Vulcan Power Group. *Id.*   The movants filed a motion to quash in this Court, which was granted, and to which a reconsideration motion was filed by the issuing defendants. *Id.*

This Court denied the reconsideration motion and upheld the quashing of the subpoenas. *Id.*   In upholding the quashing of the subpoenas, this Court noted, "[t]he movants have met their burden to demonstrate that the subpoenas duces tecum impose an undue burden. The document requests are facially overbroad. They seek all documents concerning the parties to the *Flannigan* action, regardless of whether those documents relate to that action and regardless of date. The requests are not particularized. The period covered by the requests is unlimited. Those problems are compounded by the fact that the subpoenas only provided 18 days for compliance." *Id.*  This Court further held, "[g]iven the (over)breadth of those document requests, requiring the movants to sit for depositions less than three weeks following the subpoenas' issuance is unreasonable." *Id.*

Just as in the *O'Hare* case, the document requests here are directed to a party to a litigation, a subsidiary of a party to the litigation, and another entity.  The requests themselves are facially overbroad. There is no time period allotted to the requests.  The requests are not particularized. The subpoenas only provided for 18 days of compliance, which was reduced to 14 because the subpoenas were only served on November 8, 2021 for compliance on November 22, 2021. And as this Court stated, given the overbreadth of these document requests, requiring Movant to sit for a deposition less than three weeks following the subpoenas' issuance is unreasonable.  Arguably, this case is more burdensome than *O'Hare* because the deposition is of an LLC, meaning a witness would need to be prepared in the time in between service of the subpoenas (November 8, 2021) and the compliance date (November 22, 2021) while simultaneously collecting and producing documents.

14

Movant respectfully submits that this Court's directly on point *O'Hare* decision should respectfully provide guidance to the Court's ruling on this Motion.

**IV.   Defendant has had ample time to obtain the discovery sought (from Plaintiff Flexiworld and its subsidiary Flexijet)**

As noted above and in Fed. R. Civ. P. 26((b)(2)(C)(ii), the Court **must** limit the frequency or extent of discovery otherwise allowed by these rules if it determines that the party seeking discovery has had ample opportunity to obtain the discovery sought.  Per the Scheduling Order in the underlying case, fact discovery opened on May 17, 2021 and closes December 9, 2021. Exhibit C. This provided Defendant ample opportunity to make these discovery requests to the appropriate parties (Plaintiff Flexiworld and its subsidiary Flexijet, and "Pebble Tide LLC"), exhaust all attempt to get discovery from these sources, and then if—and only if—they were still unable to obtain the discovery sought, they could subpoena Movant.

Instead, it appears Defendant did not exhaust discovery from Plaintiff Flexiworld and its subsidiary Flexijet (and, in fact, has not subpoenaed Flexijet at all), and 5 weeks before the end of fact discovery, issued these subpoenas to Movant, which were served on November 8, 2021, 31 days before end of fact discovery.

It is plain as day that Defendant has had ample opportunity to obtain the discovery sought. They could have and should have served discovery requests to Plaintiff Flexiworld (and Flexijet) when discovery opened in May 2021, received production in June 2021, filed any motions to compel (as necessary) in June/August 2021, taken depositions on Flexiworld (and Flexijet) in September 2021, and then, if there was some party discovery that Defendant could not obtain from Flexiworld or Flexijet under exhausting party discovery efforts, it would be permissible under Fed. R. Civ. P. 26((b)(2)(C)(ii) and the other rules and case law cited above to seek this discovery from

Movant, provided accommodations where made to avoid undue burden and expense. Fed. R. Civ. P. 26((b)(2)(C)(ii) does not permit a party to not exhaust party discovery efforts, and then turn around at the end of the fact discovery and seek that party discovery from a non-party.

V. **Sanctions against Patrick McKeever, Ruben (Tyler) Kendrick and Perkins Coie LLP under Fed. R. Civ. P. 45(d)(1)**

Under Fed. R. Civ. P. 45(d)(1), "[a] party or attorney responsible for issue and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Movant's counsel attempted to work out issues concerning the subpoena with Defendant's counsel, and Defendant's counsel, in response, refused to take *any* steps, let alone reasonable steps, to avoid imposing undue burden or expense on Movant. As analyzed thoroughly above, this was made abundantly clear by these attorneys serving requests that are all literally directed to Plaintiff Flexiworld, its subsidiary Flexijet, or "Pebble Tide LLC," and not making any attempts to revise or withdraw this blatant end run around party discovery (and end run around seeking discovery from "Pebble Tide LLC").

Per the second sentence of Fed. R. Civ. P. 45(d)(1), "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Thus, the Court must impose a sanction on a party or attorneys who fails to comply with Fed. R. Civ. P. 45(d)(1). In this case, Movant respectfully submits that such sanction be respectfully imposed on Defendant's counsel: Patrick McKeever, Ruben (Tyler) Kendrick and Perkins Coie LLP. These attorneys, and their large law firm, know better than to serve blatant party discovery to a non-party. These attorneys, and their large law firm, know better than to serve blatant party subsidiary discovery to a non-party. These attorneys, and their large law firm, know better than to serve blatant discovery intended for another non-party who is not the Movant. These attorneys

could have and should have found the prior decisions of this Court (such as *In re O'Hare et al.*, discussed above) before taking egregious, unreasonable positions concerning these subpoenas. Thus, it is these attorneys and their firm that should pay an appropriate sanction, namely Movant's reasonable attorneys' fees in connection with this motion to quash.  Movant respectfully requests that Court should grant the motion to quash, that leave be granted to file a subsequent motion for attorneys' fees pursuant to Fed. R. Civ. P. 45(d)(1) so that Movant can provide evidence of its reasonable attorneys' fees expended in this case, and so that the appropriate sanction be levied against Messrs. McKeever and Kendrick, and Perkins Coie LLP.

### VI.    Conclusion

For the foregoing reasons, Movant respectfully requests the Court quash the subpoenas to IP EDGE LLC in their entirety, and give Movant fourteen days following issuance of such order, to file a motion for attorneys' fees pursuant to Fed. R. Civ. P. 45(d)(1).

Dated:
 November 19, 2021                              Respectfully Submitted,

                                               */s/ Papool S. Chaudhari*
                                               Papool S. Chaudhari
                                               PRA Law
                                               State Bar No. 24076978
                                               2800 Bartons Bluff Lane #1902
                                               Austin, TX 78746
                                               (214) 702-1150
                                               papool@pralawllc.com

                                               *Attorney for Movant IP EDGE LLC*

### CERTIFICATE OF CONFERENCE

On November 15, 16, and 17, 2021, counsel for Movant conferred with counsel for

Defendant concerning this motion.  Counsel for movant and counsel for Defendant discussed their positions concerning this motion, and on November 17, 2021, counsel for movant and counsel for Defendant determined they cannot agree about the disposition of this motion, and thus, the filing of this motion was necessitated and it is opposed by Defendant Roku Inc.

/s/ Papool S. Chaudhari

Papool S. Chaudhari

## CERTIFICATE OF SERVICE

The undersigned certifies that the following counsel for Roku Inc. were served in accordance with Fed. R. Civ. P. 5(b)(2)(C), by mailing the foregoing to the person's last known address, shown here, on the 19th of November, 2021 via certified mailing:

Patrick McKeever, Esq.
Ruben (Tyler) Kendrick, Esq.
Perkins Coie LLP
11452 El Camino Real, Suite 300
San Diego, California 92130-2080

/s/ Papool S. Chaudhari

Papool S. Chaudhari