United States District Court
Southern District of Texas
**ENTERED**
February 01, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
|  | § | CIVIL ACTION NO. |
|  | § | 4:21-mc-02640 |
|  | § |  |
|  | § |  |
| In re IP EDGE LLC | § | JUDGE CHARLES ESKRIDGE |
|  | § |  |
|  | § |  |

**ORDER TRANSFERRING DISCOVERY DISPUTE**

This matter is transferred to the United States District Court for the Western District of Texas.

Roku Inc is a defendant in a patent-infringement action pending before Judge Alan Albright in the United States District Court for the Western District of Texas. *Flexiworld Technologies Inc v Roku Inc*, 6:20-cv-00819 (WD Tex); Dkt 2 at 4. Roku issued a subpoena to nonparty IP Edge LLC seeking various documents concerning the relationship of IP Edge with Plaintiff Flexiworld Technologies LLC, nonparty FlexiJet Technologies Inc, and nonparty Pebble Tide LLC. Dkt 1-3. It also seeks to depose a corporate representative of IP Edge in this regard. Ibid.

Pending is a motion by IP Edge to quash the subpoenas under Rule 45 of the Federal Rules of Civil Procedure. Dkt 1. It generally argues that the requested production "is either party discovery" or "discovery to an entity that is not Movant." Id at 8. It thus contends that the subpoenas impose a *per se* undue burden and should be quashed. Roku responds and also moves to seal certain portions of its response and proposed surreply. See Dkts 2 (response), 4 (motion to seal), 7 (motion for leave), 8 (proposed surreply), & 10 (motion to seal).

Rule 45(f) states, "When the court where compliance is required did not issue the subpoena, it may transfer a

motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The advisory committee notes to Rule 45(f) further state, "The prime concern should be avoiding burdens on local nonparties subject to subpoenas." And those notes also state, "Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion."

Rule 45(f) "does not require that a motion to transfer be filed, and the Court may *sua sponte* order transfer where appropriate." *CSS Inc v Herrington*, 354 F Supp 3d 702, 707 (ND Tex 2017). A court shouldn't simply assume that the issuing court is in a "superior position" to resolve all subpoena-related motions, but even so, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation." FRCP 45(f), advisory committee notes; see also *McGriff Insurance Services Inc v South Texas Educational Technologies Inc*, 2020 WL 10817489, *2 (SD Tex). A court should also consider "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *CSS*, 354 F Supp at 707 (quotation marks and citation omitted).

The posture here weighs heavily in favor of transfer. Discovery in the underlying action closed on December 9, 2021. Dkt 1-5. Opening expert reports were due on December 16th, and rebuttal expert reports were due January 13th. Ibid. Transfer will allow the issuing court to resolve the dispute in conformity with its scheduling order, thereby avoiding disruption of "the issuing court's management of the underlying litigation." FRCP 45(f), advisory committee notes.

Other factors weigh in favor of transfer as well. This case has been pending for a year and a half, and the issuing court has overseen the entirety of discovery. Dkt 1-4 (complaint) & 1-5 (scheduling order). It's therefore uniquely positioned to understand the course of discovery,

the relationship among the entities at issue, the factual disputes, and the relevance of the subpoena requests. See *McGriff Insurance*, 2020 WL 10817489 at *2.

Transfer also avoids the risk of a ruling that would adversely impact issues pending before and already resolved by the issuing court. See *CSS*, 354 F Supp 3d at 707. And nothing suggests that transfer to the Western District of Texas will impose any atypical burden on IP Edge. See FRCP 45(f), advisory committee notes.

This case is TRANSFERRED to the United States District Court for the Western District of Texas.

The motion by Roku Inc to seal certain portions of its response is GRANTED. Dkt 4.

The motion by Roku Inc to seal certain portions of its proposed surreply is GRANTED. Dkt 10.

The Clerk of Court shall give any notice necessary to effectuate this transfer.

SO ORDERED.

Signed on February 1, 2022, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge

3